COPE, J.
(concurring).
Thomas Rolle argues that the decision of the United States Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is retroactive and that-he should be granted a new trial. I concur that defendant-appellant Rolle is not entitled to relief.
The defendant’s conviction was affirmed by this court in 1998. Rolle v. State, 711 So.2d 1388 (Fla. 3d DCA 1998). Athough more than two years have passed since the defendant’s conviction became final, he argues that the decision of the United States Supreme Court in 2004 in Crawford v. Washington is retroactive and that he should be granted a new trial.
The State’s response indicates that the question whether Crawford v. Washington is retroactive is now pending in the Florida Supreme Court in Breedlove v. Crosby, No. SC04-686 and Chandler v. Crosby, No. SC04-518. This court has not addressed the retroactivity issue.
The State has presented argument that Crawford is not retroactive. However, for present purposes we need not decide that issue.
The State’s response explains that even if it is assumed arguendo that Crawford is retroactive, the defendant’s claim would fad, for at least two reasons. First, in the defendant’s trial all of the hearsay declar-ants also testified live. The United States Supreme Court in Crawford said that “when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.” Crawford, 541 U.S. at 59, 124 S.Ct. 1354 n. 9. According to the State, the only out-of-court statements admitted in the defendant’s trial were statements by the same witnesses who testified at trial. Thus under Crawford there is no confrontation issue in the defendant’s case.
Second, the State maintains that in the defendant’s trial, defense counsel made no objection on the basis of the Confrontation Clause. It would be necessary for such an objection to be made in order to preserve the confrontation issue.
The trial court took the position that the defendant’s claim was time-barred and also impermissibly successive because he had raised a confrontation issue in an earlier postconviction motion. I respectfully disagree with that rationale. The theory of the motion is that Crawford is retroactive. If that should turn out to be true, then a time and procedural bar would not be applicable. However, rather than tackle the more difficult issue of retroactivity 'in this case, it is more efficient simply to decide the appeal on the basis previously stated: assuming arguendo that Crawford is retroactive, the defendant would not be entitled to any relief.
For the stated reasons, I concur in affirming the denial of postconviction relief.